IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DENNIS ERIC SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO: 5:13-CV-179-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| DONALD BARROW, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### REPORT AND RECOMMENDATION

Presently pending before the Court are Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 11) and Defendant's motion to dismiss for failure to state a claim (ECF No. 12).[1] For the reasons explained below, it is recommended that Defendants' motion be granted and Plaintiff's motion be denied.

### BACKGROUND

Plaintiff, an inmate at Washington State Prison ("WSP") in Davisboro, Georgia, brought the above-styled action asserting equal protection and Eighth Amendment violations in connection with the denial of his request to attend his mother's January 2013, wake and funeral. (Compl. 7-8; ECF No. 1.) In support of his claim that he received disparate treatment due to his race, Plaintiff alleges that WSP officials allowed a white inmate to visit his dying mother on two occasions in late 2012. (*Id*. at 8.) Plaintiff alleges that the white inmate is a sex offender with "special movement" restrictions, while

---

1. Also pending is Defendant's motion for extension of time to file a reply to Plaintiff's response to the pending motion to dismiss. (ECF No. 16.) Because the court has considered Defendant's reply filed on September 3, 2013, that motion is hereby GRANTED.

Plaintiff was convicted of misdemeanor criminal damage to property and trespass. (Compl. 9.) He is allegedly a "State Wide Trustee," who apparently can work outside the prison. (*Id*. at 9.) On preliminary review, Plaintiff's Eighth Amendment claim was dismissed, and his claims against all other defendants except Warden Barrow were also dismissed. (S*ee* Order & Report & Recommendation 4-6; ECF No. 5.) The Court allowed this claim to proceed and, in response, Defendant filed a motion to dismiss the complaint for failure to state a claim. (ECF No. 12.)

## DISCUSSION

### II.     Defendants' Motion to Dismiss

#### A.     Standard of Review

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a

savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

### B. Official Capacity Claim

In his Complaint, Plaintiff asserts that his claims are against Defendant "in his individual and official capacities." (Compl. 7.) Defendant Barrow is an employee of Washington State Prison—i.e., an employee of the Georgia Department of Corrections ("GDOC"). GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit here as a threshold matter.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims.

*Will*, 491 U.S. at 71.  Upon further review under 28 U.S.C. § 1915, the Court finds that Defendant Barrow is entitled to dismissal of Plaintiff's claims made against him in his official capacity.

      C.    <u>Individual Capacity Claim</u>

Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  (Def.'s Br. in Supp. of Mot. to Dismiss 3; ECF No. 12-1.)  Defendant's brief contains three arguments:  (1) Plaintiff fails to state a claim of race discrimination under the Fourteenth Amendment Equal Protection Clause; (2) Plaintiff fails to state a "Class of One" claim under the Equal Protection Clause; and (3) Defendant is entitled to Qualified Immunity.  For the following reasons, the Court finds that the Defendant's Qualified Immunity defense is meritorious and therefore the Motion to dismiss should be granted.  As such, the Court does not reach Defendant's other arguments.

Defendant asserts that he is entitled to qualified immunity with regard to the decision not to grant Plaintiff's request.  (Def.'s Br. 10.)  "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known."  *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted).  "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  *McCullough v.*

4

*Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he was acting within his discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendant was acting within the scope of his discretionary authority when he allegedly denied Plaintiff's request for a reprieve or compassionate visit. Because that determination is made, the burden then shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted). The Court may consider the two prongs of the qualified immunity analysis in either order. *Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009).

Plaintiff makes clear in his Response in Opposition to the Motion to Dismiss (ECF No. 15) that he alleges Defendant discriminated against him because of his race in violation of his Equal Protection rights. (Pl.'s Resp. 2.) To prove his Equal Protection claim, Plaintiff would need to demonstrate that he is similarly situated as other persons who received more favorable treatment, and that his treatment was based on some constitutionally protected interest, such as race. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th

Cir. 2001). Plaintiff here has simply failed to assert in his complaint enough factual information to show that he and Inmate Adams are sufficiently similar to meet this standard. Nowhere does Plaintiff assert that the circumstances of Inmate Adams' request were the same as those of Plaintiff's, which Defendant points out contained the added issue of out-of-state travel. Without factual allegations establishing his similarity with Inmate Adams, Plaintiff cannot establish a sufficient claim of an Equal Protection violation to satisfy his burden in the qualified immunity analysis.

Assuming, *arguendo*, that Plaintiff has sufficiently alleged that Defendant's conduct violated a constitutional right, the Court looks to the second prong of the test: whether that right was "clearly established" at the time of Defendant's conduct. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, -- U.S. --, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and citation omitted) (alteration in original). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks and citation omitted). The Eleventh Circuit has explained that

> [a] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law.

*Maddox v. Stephens*, -- F.3d --, 2013 WL 4437161, at *8 (11th Cir. 2013). Furthermore, "[t]he inquiry whether a federal right is clearly established must be undertaken in light of

6

the specific context of the case, not as a broad general proposition." *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204 (11th Cir. 2012) (internal quotation marks and citation omitted). "The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted) (emphasis and alteration in original). The court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted).

In the "specific context of the case" at hand, Plaintiff has not shown that it would be clear to a reasonable official in Defendant's shoes that the determination was unlawful. *Loftus*, 690 F.3d at 1204. In deciding whether to grant such a compassionate visit, many factors would come into play, including logistical concerns and Defendant's statutory obligations as Plaintiff's custodian. In reviewing Plaintiff's request for leave to go out-of-state on a compassionate visit, it would not have been clear to a reasonable person that to deny the request would violate Plaintiff's constitutional rights. The Eleventh Circuit has noted that courts have "accorded wide-ranging deference to prison administrators in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Cranford v. Bayer*, 147 F. App'x 947, \*\* 1 (11th Cir. 2005) (*citing Lawson v. Singletary*, 85 F.3d 502, 510 (11th Cir.1996)). With that deference in mind, the Court finds that Plaintiff

has failed to sufficiently articulate or show that the purported constitutional violation was "clearly established." Defendant is entitled to qualified immunity and his motion to dismiss should be granted.

## II.     Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction

Plaintiff has also moved for a preliminary injunction requesting that he be granted a "facility transfer" to the "Atlanta Transitional Center located on East Ponce de Leon," and a "Custodian Care Change" from Defendant to Stanley Arrington due to the "conflict of interest" that now exists for Defendant due to this lawsuit. (Mot. for Temp. Rest. Order 2-3; ECF No. 11.) A preliminary injunction is an extraordinary remedy. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."). Such remedy requires a showing, *inter alia*, of a "substantial likelihood of success on the merits" and that "irreparable injury will be suffered unless the injunction issues." *Robertson*, 147 F.3d at 1306. As explained above, it is unlikely that Plaintiff will succeed on the merits of his case. It is therefore recommended that Plaintiff's motion for a preliminary injunction be denied.

## CONCLUSION

WHEREFORE, For the reasons explained above, it is RECOMMENDED that Defendant's Motion to dismiss (ECF No. 12) be GRANTED and Plaintiff's Motion for preliminary injunction (ECF No. 11) be DENIED. Under 28 U.S.C. § 636(b)(1), the

parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

    SO RECOMMENDED, this 20th day of December, 2013.

                                    /s/ Stephen Hyles  
                                    UNITED STATES MAGISTRATE JUDGE