IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DENNIS ERIC SMITH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:13-cv-179 (MTT) |
| DONALD BARROW, | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on Magistrate Judge Stephen Hyles's Recommendation (Doc. 19) on the Plaintiff's motion for a temporary restraining order (Doc. 11) and the Defendant's motion to dismiss (Doc. 12).  The Magistrate Judge recommends that the Defendant's motion to dismiss be granted because the Defendant is entitled to Eleventh Amendment immunity and is not a "person" for purposes of 42 U.S.C. § 1983 for claims against him in his official capacity, and the Defendant is entitled to qualified immunity for claims against him in his individual capacity.  The Magistrate Judge further recommends the Plaintiff's motion for a temporary restraining order be denied because it is unlikely the Plaintiff will succeed on the merits of his case.  The Plaintiff has objected to the Recommendation.  (Doc. 20).  The Court has thoroughly considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

In his fourth objection,[1] the Plaintiff contends "The R & R is clearly [erroneous] and contrary to law as Smith['s] claims against Barrow is (sic) official capacity are in regards to injunctive relief which Smith is seeking against Barrow." Essentially, the Plaintiff seems to object to the Magistrate Judge's dismissal of his official-capacity claims seeking injunctive relief.[2] The complaint seeks an injunction requiring the Defendant to recommend the Plaintiff for immediate release to the Board of Pardons and Paroles and to refrain from retaliation, "such as frivolous transfers and fabricated disciplinary reports." (Doc. 1 at 10). The Recommendation does not address the Plaintiff's request for permanent injunctive relief. The Court will address it.

To obtain permanent injunctive relief, the Plaintiff must establish: "(1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest." *Thomas v. Bryant*, 614 F.3d 1288, 1317 (11th Cir. 2010). "[T]he scope of the awarded relief [must] not exceed the identified harm." *Id.* The Prison Litigation Reform Act further requires that prospective relief be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right,

---

[1] None of the other ten objections warrant any discussion because they are clearly meritless.

[2] While the Plaintiff's claims against the Defendant in his official capacity seeking damages are subject to dismissal pursuant to the Eleventh Amendment and because the Defendant is not a "person" for purposes of § 1983, the claims for injunctive relief are not subject to dismissal on these bases. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal quotation marks and citation omitted)); *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) ("The Eleventh Amendment does *not* insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law." (citing *Edelman v. Jordan*, 415 U.S. 651, 664-71 (1974))).

and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).  The Plaintiff likely fails to meet all four prerequisites. The most obvious is that, because he is complaining of a past denial of a request to attend his mother's wake and funeral, he has not established that irreparable injury will result if the Court does not order injunctive relief.  Even if the Plaintiff could establish the prerequisites, his request to be recommended for immediate release far exceeds any identified harm and is precisely the type of court interference in prison administration the PLRA seeks to avoid.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED and made the order of this Court along with this Order's addition**.  The Defendant's motion to dismiss (Doc. 12) is **GRANTED**.  The Plaintiff's complaint is **DISMISSED without prejudice**.  In addition to the reasons stated in the Recommendation, the Plaintiff's motion for a temporary restraining order (Doc. 11) is **DENIED as moot** because all claims against the Defendant have been dismissed.

**SO ORDERED**, this 10th day of February, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT